## In re MONELL.

(*Supreme Court, General Term, First Department. June 3, 1892.*)

1. SPECIAL GUARDIAN—APPOINTMENT ON COURT'S OWN MOTION.
    Code Civil Proc. § 2531, which provides that "when a person, other than the infant or the committee of the incompetent person, applies for the appointment of a special guardian, * * * at least eight days' notice of the application must be served on the infant or incompetent person," does not prevent a surrogate, on his own motion, from appointing a special guardian to appear and protect an infant's interests in a reference for an accounting with an administrator, where the general guardian is removed during the progress of such proceedings.

2. SAME—EFFECT OF APPOINTING GENERAL GUARDIAN.
    The appointment of a general guardian of an infant does not, of itself, revoke the appointment of a special guardian.

Appeal from surrogate's court, New York county.

Application by Mary Monell, administratrix of the estate of Joseph S. Monell, deceased, for an order revoking the appointment of a special guardian for infants. From an order denying the application the applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*T. Darlington,* for appellant. *Elihu B. Frost,* (*S. W. Fullerton,* of counsel,) for respondent.

VAN BRUNT, P. J. The facts shown upon the record appear to be that the appellant, as administratrix, filed her account and vouchers in the surrogate's office, and that the general guardian of the infants, who were interested in the estate, appeared and filed objections to the account. A reference was ordered based upon the objections, and while such reference was in progress the letters of the general guardian were revoked at the request of the sureties

upon his bond, and the surrogate immediately thereafter, upon his own motion, appointed a special guardian to protect the interests of the infant on the reference. Subsequently a new general guardian was appointed, and the administratrix moved for the revocation of the appointment of the special guardian, which was refused, and from the order thereupon entered this appeal is taken. It is contended upon this appeal by the administratrix that the right of the general guardian to appear and protect the interest of the infant is given him by statute, and cannot be taken away until after a judicial investigation showing that the interests of the infant will suffer from the guardian being adverse or incompetent, or some other reason judicially ascertained, in which case the surrogate may appoint a special guardian, and that notice of the application for special guardian must be served upon the infant under section 2531 of the Code; and that, under rule 10 of the surrogate's court, the fact whether the infant resides with his parent and approves the application or not must be stated. It is difficult to see how the powers of the surrogate conferred upon him by statute can be limited by a rule made by himself, and therefore it is entirely immaterial what the requirements of the rule referred to may be. It can have no bearing whatever upon the validity of the order appealed from. It seems to us that the surrogate was not only clearly right in making the appointment of a special guardian upon the removal of the general guardian, but he was in duty bound to do so, in order that the rights of the infant may be protected upon this accounting; and there is no provision whatever in the Code which either nullifies or makes of no effect such appointment of a special guardian merely because a general guardian is subsequently appointed. It may be true that the general guardian has the right to appear upon the proceedings in progress, but that in no way conflicts with the rights of the special guardian. In respect to the question of notice, the requirements of section 2531[1] have no application whatever to this case, in which the surrogate upon his own motion makes the appointment of a special guardian, but only to those cases where somebody else, other than the infant or the committee of an incompetent person, applies for such appointment. By section 2530, authority is expressly given to the surrogate to appoint a special guardian where there is no general guardian. And as already seen, at the time of the appointment of this special guardian there was no general guardian, or any person to look after the interests of these infants. The surrogate once having acquired jurisdiction to appoint a special guardian, there is nothing in the statute which revokes such appointment, simply because he grants the application for the appointment of a general guardian.

The order should be affirmed, with costs. All concur.

---

[1] The section provides: "Where a person, other than the infant or the committee of the incompetent person, applies for the appointment of a special guardian, * * * at least eight days' notice of the application must be personally served upon the infant or incompetent person," etc.